# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAFNA CONSTRUCTION CO., LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-1317C |
| | ) | (Judge Bruggink) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S ANSWER

For its answer to the amended complaint, defendant admits, denies, and alleges as follows:

## NATURE OF THE CASE

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## PARTIES

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

JURISDICTION

6. The allegations contained in paragraph 6 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

BACKGROUND FACTS

7. Denies.

8. Denies.

9. Admits the allegations contained in the first sentence of paragraph 9 that the USPS furnished Dafna with the formal contract documents in duplicate. Admits the remainder of the allegations contained in paragraph 9 to the extent supported by the notice document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits.

11. Admits the allegations contained in paragraph 11 that the USPS signed the contract on July 6, 2001, and that the USPS sent to plaintiff, on or about July 6, 2001, a notification of award; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 that a pre-construction meeting was held on October 29, 2001, and that the USPS, at that meeting, issued to plaintiff a notice to proceed. Admits the remaining allegations contained in paragraph 12 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 that on or about February 25, 2003, plaintiff submitted a certified claim to the USPS contracting officer. Admits the remaining allegations contained in paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 that the USPS contracting officer issued a final decision on or about April 22, 2003. Admits the remaining allegations contained in paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 14.

15. Admits the allegations contained in the first sentence of paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 15.

Admits the allegations contained in the second sentence of paragraph 15. Admits the allegations contained in the third sentence of paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 15.

16. The allegations contained in paragraph 16 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in the first and second sentences of paragraph 17 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the third sentence of paragraph 17 that the "[contract] sum was subject to escalation pursuant to the express terms of the Contract" constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the remaining allegations contained in the third sentence of paragraph 17 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the third sentence of paragraph 17. Admits the allegations contained in the fourth sentence of paragraph 17 to the extent supported by the document cited, which is the best evidence of its contents;

otherwise denies the allegations contained in the fourth sentence of paragraph 17.

18. The allegations contained in the first sentence of paragraph 18 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. The allegations contained in paragraph 19 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. Admits the allegations contained in paragraph 20 that the USPS contracting officer issued contract modification no. 2 on or about April 5, 2002. Admits the remaining allegations contained in paragraph 20 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 20.

21. Admits.

22. Admits the allegations contained in paragraph 22 that the USPS contracting officer issued a final decision on or about June 6, 2002. Admits the remaining allegations contained in paragraph 22 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 22.

23. The allegations contained in paragraph 23 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

24. Admits the allegations contained in paragraph 24 that the USPS contracting officer issued a contract modification on or about April 22, 2002. Admits the remaining allegations contained in paragraph 24 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 that plaintiff, on or about March 28, 2003, submitted a certified claim to the USPS contracting officer. Admits the remaining allegations contained in paragraph 25 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 25.

26. The allegations contained in paragraph 26 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. Admits the allegations contained in paragraph 28 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

COUNT ONE

29. Defendant's responses to paragraphs 1 through 28 of the complaint are incorporated by reference.

30. The allegations contained in paragraph 30 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT TWO

33. Defendant's responses to paragraphs 1 through 32 of the complaint are incorporated by reference.

34. The allegations contained in paragraph 34 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 constitute conclusions of law to which no response is required; to the

extent they may be deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT THREE

37. Defendant's responses to paragraphs 1 through 36 of the complaint are incorporated by reference.

38. The allegations contained in paragraph 38 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

39. The allegations contained in paragraph 39 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT FOUR

41. Defendant's responses to paragraphs 1 through 40 of the complaint are incorporated by reference.

42. The allegations contained in paragraph 42 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

COUNT FIVE

43. Defendant's responses to paragraphs 1 through 42 of the complaint are incorporated by reference.

44. The allegations contained in paragraph 44 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

PRAYER FOR RELIEF

45. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 44 of the complaint, or to any relief whatsoever.

46. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

s/Michael S. Dufault

OF COUNSEL:
MICHAEL F. KIELY
United States Postal Service
Washington, D.C.

MICHAEL S. DUFAULT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-7961
Facsimile: (202) 353-7988

October 21, 2003

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2003, a copy of the foregoing "ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael S. Dufault