# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAFNA CONSTRUCTION CO., LTD.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03-1317C<br>(Judge Bruggink) |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), counsel for plaintiff, Dafna Construction, Co., LTD. ("Dafna"), and defendant, the United States, submit the following joint preliminary status report in response to the questions set forth in Appendix A.

## ANSWERS TO PRELIMINARY QUESTIONS

The parties respond to the questions posed in RCFC Appendix A ¶ 4 as follows:

a. Does the Court have jurisdiction over the action?

Plaintiff states that the Court has jurisdiction to hear and decide the action.

Defendant states that it has identified no reason to question the jurisdiction of the Court at this time.

b. Should the case be consolidated with any other case and the reasons therefor?

No.

c. Should trial of liability and damages be bifurcated and the reasons therefor?

No.

d. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefor?

No.

e. In cases other than tax refund actions, will a remand or suspension be sought and the reasons therefor and the proposed duration?

No.

f. Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?

No.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, a schedule for the intended filing?

At this time, the parties do not anticipate filing motions pursuant to RCFC 12(b), 12(c), or 56. However, either before, or upon, completion of discovery, the parties may file dispositive motions pursuant to RCFC 56.

h. What are the relevant factual and legal issues?

Plaintiff states that the principal issues are as follows:

1. Whether Plaintiff is entitled to $437,133.68 for its increased costs due to the delay of the USPS in issuing the Notice to Proceed.

2. Whether plaintiff is entitled to $120,759 plus an additional 65 days of contract time with respect to MOD 1.

3. Whether plaintiff is entitled to an additional 162 days of contract time with respect to MOD 2.

Defendant states that the principal issues are as follows:

1. Whether the parties entered into a valid and binding contract on or about August 1, 2000 when defendant, acting through the United States Postal Service ("USPS"), indicated its intent to award a contract to plaintiff.

2. Whether the parties entered into a valid and binding contract on or about July 6, 2001 when the USPS executed the contract, and sent to plaintiff a notification of award.

3. Assuming that the parties entered into a contract on or about August 1, 2000, whether the USPS unreasonably delayed issuance of the notice to proceed, which was issued on October 29, 2001.

4. Assuming that the parties entered into a contract on or about August 1, 2000, and the USPS unreasonably delayed issuance of the notice to proceed, whether plaintiff suffered damages in the claimed amount of $437,133.68, as stated in paragraph 13 of the amended complaint.

5. Whether plaintiff is entitled to an equitable adjustment to the contract price in the amount of $120,759.00, and an equitable adjustment of 65 days to the contract duration

with respect to modification No. 1, which was issued unilaterally by the USPS.

6. Whether plaintiff is entitled to an equitable adjustment of 162 days to the contract duration with respect to modification No. 2, which was issued unilaterally by the USPS.

7. Whether section c.2.b of the contract between the parties precludes plaintiff's claim for $437,133.68 because plaintiff did not assert this claim in writing as soon as practicable after the alleged delay ceased.

8. If plaintiff is not precluded by c.2.b(2) of the contract, whether plaintiff is precluded by section c.2.b(1) of the contract from claiming any costs incurred more than 20 days before plaintiff notified the USPS contracting officer in writing of the alleged delay in issuing the notice to proceed.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties state that settlement may be an appropriate vehicle by which to resolve this matter, and the parties will make every effort to reach an amicable resolution, should such a course of action be deemed appropriate. At this time, the parties do not believe that alternative dispute resolution will be useful in facilitating settlement.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefore?

If the parties are unable to settle this case, and if the case is not resolved upon motions pursuant to RCFC 56, the parties anticipate proceeding to trial. Neither party requests expedited trial scheduling.

k. Are there special issues regarding electronic case management needs?

No.

l. Is there other information of which the court should be aware at this time?

No.

**PROPOSED DISCOVERY PLAN**

The parties plan to conduct discovery simultaneously, and propose the following respective discovery plans in accordance with RCFC Appendix A ¶ 5:

Plaintiff proposes the following discovery plan:

1. Pursuant to RCFC 26(a)(1), initial disclosures shall be made by January 5, 2004.

2. Discovery shall commence immediately upon all issues, and shall be completed by April 15, 2004.

3. Plaintiff does not intend to have an expert witness unless defendant does; if defendant does, whether or not plaintiff will do so depends upon the identity and opinions of defendant's expert. In the event that either party

decides to rely upon expert testimony, the parties shall comply with the requirements of RCFC 26(a)(2). All expert discovery shall be completed by April 15, 2004.

Defendant proposes the following discovery plan:

1. Pursuant to RCFC 26(a)(1), initial disclosures shall be made by January 5, 2004;

2. Fact discovery shall commence immediately upon all issues, and shall be completed by May 12, 2004; and

3. Defendant anticipates relying upon the use of expert opinion testimony in this case, and shall comply with the requirements of RCFC 26(a)(2). Defendant further proposes that any expert discovery be completed by June 30, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

s/ Michael S. Dufault

MICHAEL S. DUFAULT
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-7961
Facsimile: (202) 353-7988

Attorneys for Defendant

December 12, 2003

s/ Carl A. Haberbusch

CARL A. HABERBUSCH, Esq.
Goetz Fitzpatrick LLP
One Penn Plaza, Suite 4401
New York, NY 10119

December 12, 2003

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2003, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Michael S. Dufault