# In the United States Court of Federal Claims

DAFNA CONSTRUCTION CO., LTD.,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

Nos. 03-1317 C, 05-456 C

Filed April 28, 2005

## ORDER

On April 11, 2005, the Court ordered the parties to file a joint status report recommending a schedule of further proceedings in Case No. 03-1317 C. On April 21, 2005, the Court granted plaintiff's unopposed motion to consolidate Case No. 05-456 C, filed April 8, 2005, with Case No. 03-1317 C, and ordered that the consolidated cases be designated as electronic by Tuesday, April 26, 2005.

On Monday, April 25, 2005, the parties filed an electronically formatted joint status report, recommending different schedules of further proceedings in the consolidated cases. The Clerk of the Court noted that there was a defect in the filing, as the status report was filed in Case No. 05-456 C instead of Case No. 03-1317 C, which is the lead case.

In consideration of the above, the Court directs the Clerk to strike the parties' joint status report (Docket No. 9) from the docket of Case No. 05-456 C. The Court ORDERS that the parties shall re-file their joint status report in Case No. 03-1317 C. The Court directs the Clerk to permit the parties' re-filed joint status report to be filed by leave of the Court. The parties shall note that the above-captioned matters are now consolidated and Case No. 03-1317 C is the lead case. All future papers in the consolidated cases shall be filed electronically in Case No. 03-1317 C.

Plaintiff recommended that the Court order defendant to answer the complaint in Case No. 05-456 C on or before May 9, 2005. Plaintiff also recommended that the parties should be permitted to conduct discovery limited to the claims asserted in Case No. 05-456 C for 90 days and, if defendant intends to engage an expert to testify at trial, defendant should be ordered to identify its expert and his or her opinions in 30 days and produce an expert report 60 days from

the date of the joint status report.

Defendant recommended that, pursuant to Rule 12(a)(1) of the Rules of the Court of Federal Claims ("RCFC"), the Court allow defendant 60 days from date of service to respond to plaintiff's complaint. Defendant proposed that, upon the filing of its response to plaintiff's complaint, the parties be allowed a 60-day period to attempt to settle the case. If the parties are unable to resolve the case amicably during the 60-day period, defendant proposed a 180-day period of discovery; with all expert reports to be disclosed within 60 days of the close of discovery, and that any expert depositions be conducted within 30 days of disclosure of expert reports.

In consideration of the above, the Court ORDERS that defendant shall file its response to plaintiff's complaint in Case No. 05-456 C by **Tuesday, June 7, 2005.** When defendant files its response, the Clerk is directed to specify in the docket that defendant's response is to plaintiff's complaint in Case No. 05-456 C. Thereafter, the parties shall proceed in accordance with the Case Management Procedure set forth in RCFC, Appendix A. Therefore, no later than 49 days after the filing of defendant's answer, the parties shall file a Joint Preliminary Status Report in accordance with Part III of Appendix A. The Court will thereafter convene a preliminary scheduling conference to establish a schedule for further proceedings. *See* Appendix A, Part IV.

IT IS SO ORDERED.

/s/ George W. Miller
GEORGE W. MILLER
Judge