IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAFNA CONSTRUCTION CO., LTD. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-456C; 03-1317C |
| | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's order dated April 11, 2005, plaintiff and defendant respectfully submit the following joint status report.

Plaintiff's Report

1. On April 11, 2005 the Court granted defendant's motion for summary judgment dismissing plaintiff's claim with respect to the delay in issuing the Notice to Proceed, and it denied plaintiff's cross-motion for summary judgment as to liability on the same claim. The Court also dismissed plaintiff's MOD 2 claim insofar as it sought monetary damages.

2. On April 15, 2005 plaintiff moved for reconsideration of the Court's April 11, 2005 Opinion & Order with respect to the delay claim. On April 21, 2005 the Court denied the motion.

______3. On April 8, 2005 plaintiff filed a new complaint asserting the MOD 7 claim for an overall compensible time extension on the Project. The claim to the Contracting Officer for an overall compensible time extension was made on January 18, 2005, and USPS was required to respond to same within 60 days of receipt. USPS did not do so. Nevertheless, defendant submitted a reply affidavit on its summary judgment motion dated February 22, 2005 addressing the overall compensible time extension claim.

4. On April 8, 2005 plaintiff also filed a Notice of Directly-Related Case, and the new action was also assigned to Judge George W. Miller.

5. On April 15, 2005 plaintiff filed an Unopposed Motion to Consolidate Case No. 05-456C with this case. Defendant did not condition its agreement not to oppose the motion on any grounds whatsoever.

6. Defendant should be ordered to answer the complaint in Case No. 05-456C on or before May 9, 2005.

7. The parties should be permitted to conduct discovery limited to the claims asserted in Case No. 05-456C for 90 days from the date hereof. Notwithstanding the foregoing, the parties are free to discuss settlement at any time.

8. Plaintiff does not intend to engage an expert to testify at trial unless defendant does. If so, defendant should identify its expert and his or her opinions in 30 days and produce an expert report 60 days from the date hereof.

Defendant's Report

On April 11, 2005, the Court granted defendant's motion for summary judgment denying Dafna's claim for increased costs as a result of the Government's alleged delay in issuing the notice to proceed, and denied Dafna's cross-motion for summary judgment on the same claim. The Court also dismissed Dafna's claim for compensable delay damages related to Modification No. 2 for lack of subject matter jurisdiction, because at the time of filing Case No. 03-1317C, Dafna failed to certify that claim to the contracting officer. On April 15, 2005, Dafna filed a motion for reconsideration of the Court's order. The Court denied Dafna's motion on April 21, 2005.

On April 8, 2005, Dafna filed a new complaint seeking $700,687 as a result of the contracting officer's deemed denial of its January 18, 2005 certified claim. Dafna Construction Co., Ltd. v. United States, Fed. Cl. No. 05-456C. Dafna's newly-filed complaint arises from the same project to renovate Building 197 at the John F. Kennedy Airport, from which this case also arises. Accordingly, on April 15, 2005, Dafna filed a motion to consolidate Case Nos. 03-1317C and 05-456C. The Government did not oppose consolidation as long as the Government would have sufficient time to respond to and conduct discovery regarding these new claims. On April 21, 2005, the Court issued an order consolidating these two cases.

Although Dafna's new claims are related to the same project, Dafna's complaint in Case No. 03-1317C addressed disputes arising from contract award in July 6, 2001 to issuance of Modification No. 2 in June 6, 2002. The project, however, was not substantially completed until August 31, 2004. Because additional investigation is required to evaluate Dafna's new claims, which seek in part 550 days of compensable delay, Dafna's proposed schedule would unfairly prejudice the Government by decreasing the amount of time that the Government would have to respond to the complaint. Pursuant to Rule 12(a)(1) of the Rules of the Court of Federal Claims ("RCFC"), the Government's answer to plaintiff's complaint is due within 60 days after service of the pleading. The Government's answer is currently scheduled to be due on June 7, 2005. The Government requests that the Court maintain this deadline.

Upon responding to the complaint, the Government proposes a 60-day period during which the parties attempt to settle the case. Dafna represented at the pre-trial conference that resolution of the legal issue regarding its claim for increased costs as a result of the Government's alleged delay in issuing the notice to proceed would facilitate settlement of the

case. See Tr. Of Hearing on Nov. 30, 2004 at 4-5.[1] The Government believes that this time to discuss settlement after the Government responds to the complaint but before discovery begins would be helpful in facilitating an amicable resolution of both cases.

If the parties are unsuccessful in reaching an amicable resolution, the Government proposes a 180-day discovery period during which the parties have an opportunity to conduct discovery. If the case is not settled, the Government anticipates hiring an expert to testify at trial to rebut Dafna's claims for compensable delay. The Government proposes that any expert reports be disclosed to the other party within 60 days of the close of discovery. The Government further proposes that any expert depositions be conducted within 30 days of disclosure of the expert reports.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

---

[1] The relevant pages of the transcript is attached for the Court's convenience.

s/ Carl A. Haberbusch

CARL A. HABERBUSCH
Goetz Fitzpatrick LLP
One Penn Plaza
New York, NY 10119
(212) 695-8100

Attorney for Plaintiff

April 25, 2005

s/ Nancy M. Kim

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington DC 20530
Tel: (202) 353-0546
Fax: (202) 514-7965

Attorneys for Defendant