IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAFNA CONSTRUCTION CO., LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-456C; 03-1317C |
| v. | ) | (Judge George W. Miller) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

As its answer to the complaint filed on April 8, 2005, defendant admits, denies, and avers as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Denies.

8. Admits the allegations contained in paragraph 8 that the United States Postal Service ("Postal Service"), on or about August 1, 2000, furnished plaintiff with the formal contract documents in duplicate; admits the remainder of the allegations contained in paragraph 8 to the extent supported by the notice document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits.

10. Admits the allegations contained in paragraph 10 that the Postal Service signed the contract on July 6, 2001, and that the Postal Service sent to plaintiff, on or about July 6, 2001, a notification of award; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11 that a pre-construction meeting was held on October 29, 2001, and that the Postal Service, at that meeting, issued to plaintiff a notice to proceed; admits the remaining allegations contained in paragraph 11 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 that plaintiff commenced work on the project shortly after October 29, 2001, and that the project was substantially complete on or about April 1, 2004; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations contained in paragraph 13 that on or about January 18, 2005, plaintiff submitted a certified claim to the Postal Service contracting officer; admits the remaining allegations contained in paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained

in paragraph 13.

14. The allegations contained in paragraph 14 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. Defendant's responses to paragraphs 1 through 15 of the complaint are incorporated by reference.

17. The allegations contained in paragraph 17 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. Defendant's responses to paragraphs 1 through 19 of the complaint are incorporated by reference.

21. The allegations contained in paragraph 21 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

24. Defendant's responses to paragraphs 1 through 23 of the complaint are incorporated by reference.

25. The allegations contained in paragraph 25 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

28. Defendant's responses to paragraphs 1 through 27 of the complaint are incorporated by reference.

29. The allegations contained in paragraph 29 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

30. Defendant's responses to paragraphs 1 through 29 of the complaint are incorporated by reference.

31. The allegations contained in paragraph 31 constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

32. Denies that plaintiff is entitled to the relief set forth in the Prayer For Relief immediately following paragraph 31 of the complaint, or to any relief whatsoever.

33. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiff's complaint be dismissed, and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

s/ Nancy M. Kim

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington DC 20530
(202) 307-0361

Attorneys for Defendant

OF COUNSEL:
Michael F. Kiely
United States Postal Service
Office of the General Counsel
Washington, D.C.

June 7, 2005