IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DAFNA CONSTRUCTION CO., LTD.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03-1317C; 05-456C<br>(Judge George W. Miller) |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report in Case No. 05-456C:

a. Jurisdiction

Plaintiff states that the Court has jurisdiction to consider and decide this action. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

This case has already been consolidated with Case No. 03-1317C, which has been designated as the lead case by Order entered April 28, 2005.

c. Bifurcation

The parties agree that trial of liability and damages in this case should not be bifurcated.

d. Deferral

The parties agree that this case should not be deferred pending resolution of any other cases.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties do not anticipate joining any additional parties.

g. Dispositive Motions

Defendant states that it intends to file a motion to dismiss plaintiff's ductbank claim because it is premature and not ripe. In the proposed Modification No. 7, the Government proposed to reduce the contract price by $110,000 because plaintiff damaged the ductbank and the Government incurred $110,000 to repair it. The parties disagreed with the proposed Modification No. 7, and the proposed modification was never executed. Plaintiff submitted a claim on January 18, 2005 to the contracting officer stating that the contract price should have been reduced by only $20,000 for repairing the ductbank. The contracting officer did not issue a final decision, and plaintiff's claim was deemed denied. Because Modification No. 7 was never executed, plaintiff's ductbank claim, which seeks monies for a deduction in the contract price that the Government never took, is not ripe.

Plaintiff disagrees that any such motion is necessary. The deemed denial of plaintiff's January 18, 2005 claim pursuant to 41 U.S.C. § 605(c)(5) renders this claim fully justiciable. Whether or not the Postal Service executed the modification is irrelevant; it proposed doing so, and there was a valid dispute about the propriety of its doing so. The fact that no money was yet deducted only reduces the dollar amount of Dafna's new claim.

After discovery has been completed, the parties may also submit cross-motions for summary judgment pursuant to RCFC 56.

h. Relevant Issues

Plaintiff's Statement of the Issue

Whether the Government is liable to Dafna for $700,687.00 plus a compensable time extension of 550 calendar days due to excusable delays in the course of Dafna's performance of the Contract that is the subject of this action.

Defendant's Statement of the Issues[1]

1. Whether the Government unreasonably caused plaintiff 550 days of delay from February 25, 2003 to August 27, 2004.

2. Whether plaintiff has met its burden of demonstrating that any Government-caused delay is on the critical path.

3. Whether there were any periods of concurrent delay, during which both parties contributed to the delay.

4. If there were concurrent delays, whether plaintiff has met its burden of separating and apportioning delays attributable to the Government.

---

[1] In addition to these issues, the following issues remain from Case No. 03-1317C:

1. Whether plaintiff has met its burden of demonstrating that it reasonably incurred actual costs of $119,749 plus an additional 65 days for the increased scope of work covered by Modification No. 1.

2. Whether plaintiff has met its burden of demonstrating that it is entitled to a non-compensable time extension of an additional 162 days for the increased scope of work covered by Modification No. 2.

The Government notes that plaintiff has not submitted a written claim for a compensable delay damages claim for Modification Nos. 1 and 2 and, therefore, these claims are not before this Court.

5. Whether the daily overhead rate that the Government proposed granting plaintiff in proposed Modification No. 7 reasonably reflects plaintiff's damages for one day of delay.

6. Whether plaintiff's claim that the Government unreasonably deducted $90,000 from proposed Modification No. 7, which was never signed by the contracting officer, for repairing the electrical ductbank, is ripe.

7. Whether the Government reasonably incurred actual costs of $110,000 to repair the electrical ductbank, which plaintiff damaged.

i. <u>Settlement</u>

The parties anticipate pursuing settlement negotiations on an informal basis as the litigation progresses.

j. <u>Trial</u>

As stated above, after discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial.

<u>Plaintiff's Proposal</u>

Plaintiff requests expedited trial scheduling. Plaintiff submits that defendant's proposed schedule, which would have the effect of extending discovery until late April or early May 2006, is unwarranted. The delays which form the basis of plaintiff's claim were the subject of discussions and correspondence over the course of the Project, as illustrated by Exhibit A to the complaint. For the Government to describe these delays as unspecified and unsupported is unfair. Moreover, other than defendant's filing of an answer without affirmative defenses, nothing has occurred in this action because defendant previously represented to the Court that it

would like 60 days from answering to conduct settlement negotiations. Yet, defendant rejected plaintiff's request for an in-person meeting between the parties and their attorneys, and the two sides have been unable to schedule a teleconference before August 16, 2005.

Defendant's Proposal

Defendant states that an expedited trial schedule is unnecessary because plaintiff has not identified any harm or prejudice arising from the consolidated cases proceeding on a regular schedule. Plaintiff's claims, in part, have been pending from 2003, and Case No. 03-1317C was scheduled to go to trial in December 2004, but plaintiff's counsel represented at the pre-trial conference that it would like to postpone the trial to allow the Court to decide certain issues of law. Plaintiff seeks 550 days of compensable delay damages, from February 25, 2003 to August 27, 2004, but does not allege in its complaint why the Government is responsible for all of the delays during this period. The extensive and unspecified nature of plaintiff's delay claims make it inappropriate to expedite trial or discovery in this case. Although it is plaintiff's burden to demonstrate that the Government was the sole cause of any unreasonable delays on the critical path, defendant will likely need to obtain an expert to rebut plaintiff's unsupported allegations that the Government was solely responsible for 550 days of delay.[2]

k. Electronic Case Management

The parties have no special issue regarding electronic case management needs.

---

[2] Plaintiff's characterization of defendant's rejection of settlement discussions is unfair and inaccurate. Defendant contacted plaintiff's counsel to determine if the parties could arrange a settlement meeting, but because of scheduling conflicts from both plaintiff and the Government, the parties have not been able to arrange a mutually convenient date. Defendant is not opposed to conducting settlement negotiations as the case progresses.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

Plaintiff's Proposal

Plaintiff proposes the following schedule:

1. The parties should be permitted to conduct discovery limited to the claims asserted in Case No. 05-456C for 90 days from the date hereof. Notwithstanding the foregoing, the parties are free to discuss settlement at any time.

2. Plaintiff does not intend to engage an expert to testify at trial unless defendant does. If so, defendant should identify its expert and his or her opinions in 30 days and produce an expert report 60 days from the date hereof.

Plaintiff submits that defendant's proposed schedule, which would have the effect of extending discovery until late April or early May 2006, is unwarranted. The delays which form the basis of plaintiff's claim were the subject of discussions and correspondence over the course of the Project, as illustrated by Exhibit A to the complaint. For the Government to describe these delays as unspecified and unsupported is unfair. Moreover, other than defendant's filing of an answer without affirmative defenses, nothing has occurred in this action because defendant previously represented to the Court that it would like 60 days from answering to conduct settlement negotiations. Yet, defendant rejected plaintiff's request for an in-person meeting between the parties and their attorneys, and the two sides have been unable to schedule a teleconference before August 16, 2005.

Defendant's Proposal

Defendant states that plaintiff's proposed schedule is unreasonable given the extensive and unspecified nature of plaintiff's claim for 550 days of compensable delay damages, from February 25, 2003 to August 27, 2004. Although it is plaintiff's burden to demonstrate that the Government was the sole cause of any unreasonable delays on the critical path, defendant will likely need to obtain an expert to rebut plaintiff's unsupported allegations that the Government was solely responsible for 550 days of delay. Accordingly, defendant proposes the following schedule:

1. The parties should be permitted to conduct fact discovery for 180 days from the date of the Court's order scheduling further proceedings. The parties should be required to disclose the identity of any experts who may testify at trial pursuant to RCFC 26(a)(2)(A) by the close of fact discovery.

2. If any party intends to rely upon expert testimony at trial, that party should be required to provide a written report of the expert's opinions pursuant to RCFC 26(a)(2)(B) within 45 days from the close of fact discovery.

3. The parties shall then have an opportunity to conduct depositions of any identified experts within 30 days from the disclosure of the expert's report referred to in the above paragraph.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

s/ Carl A. Haberbusch

CARL A. HABERBUSCH
Goetz Fitzpatrick LLP
One Penn Plaza
New York, NY 10119
(212) 695-8100

Attorney for Plaintiff

s/ Nancy M. Kim

NANCY M. KIM
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington DC 20530
Tel: (202) 353-0546
Fax: (202) 514-7965

July 29, 2005

Attorneys for Defendant